UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RYAN SHEEHAN,

                               Plaintiff,

           -against-

Consensys, Inc.,

                               Defendant.
------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

## NATURE OF ACTION

1. Ryan Sheehan ("Ryan") is suing Consensys, Inc. ("Consensys") for discriminatory wrongful termination. Consensys is a crypto-currency company that wrongfully fired Ryan because he is disabled under the Americans with Disabilities Act, NY State Human Rights Law and NYC Human Rights Law. Ryan suffers from addiction. When he disclosed this to the Consensys's human resource department seeking leave to attend addiction treatment, he was fired. As a result, he lost his income and has suffered from increased emotional distress. Now, Ryan wants to correct Consensy's discriminatory conduct through this lawsuit.

## JURISDICTION AND VENUE

2. This action arises under 42 U.S.C §12101 (the "Americans With Disabilities Act" "ADAAA"), the NY Exec. Law Art. 15 (the "NYS Human Rights Law" or "SHRL"), and the New York City Administrative Code Art §8-107(1)(a) (the "NYCHRL").

3. The EEOC has subject matter jurisdiction under 42 U.S.C §12117(a).

4. Venue is proper in the Eastern District of New York because the cause of action arose in Brooklyn, New York.

## THE PARTIES

5. Plaintiff RYAN SHEEHAN ("Ryan", or "Plaintiff") resides at 9 Pleasant Manor Drive, Thornwood, N.Y 10594.

6. On information and belief, Defendant Consensys, Inc. ("Corporate Defendant" or "Consensys") is a New York State domestic corporation duly licensed to conduct business in the State of New York, and located at 49 Bogart Street, Brooklyn, N.Y 11206.

## BACKGROUND FACTS

7. Corporate Defendant is an "employer" under the ADAAA.

8. Corporate Defendant is a for profit organization in the "crypto-currency" industry.

9. At all relevant times, Corporate Defendant had the authority to:

    i. Hire Plaintiff.

    ii. Fire Plaintiff.

    iii. Determine Plaintiff's wages.

    iv. Maintain Plaintiff's payroll records.

10. At all relevant times, Corporate Defendant employed more than 4 employees.

11. At all relevant times, Corporate Defendant employed more than 15 employees.

12. Plaintiff was employed by Corporate Defendant.

13. Corporate Defendant extended Ryan an offer of employment on January 25, 2018, as an internal corporate recruiter.

14. Ryan's first day of work with Corporate Defendant was February 7, 2018.

15. Plaintiff suffers from drug and alcohol addiction (the "Medical Condition").

16. The Medical Condition is a disability under the Americans with Disabilities Act.

17. The Medical Condition is a disability under the SHRL.

18. The Medical Condition is a disability under the NYCHRL.

19. Plaintiff suffered from the Medical Condition before he started working for Corporate Defendant.

20. Plaintiff suffered from the Medical Condition while he worked for Corporate Defendant.

21. Plaintiff has undergone treatment for the Medical Condition (the "Treatment Program").

22. The Treatment Program in the past consisted of Plaintiff admitting himself into a treatment program where he would undergo counseling and refrain from using any addictive agents, as well as attending alcoholics anonymous meetings and following their treatment protocols.

23. At all relevant times, Plaintiff could perform the essential functions of the job.

24. Plaintiff notified Corporate Defendant of the Medical Condition on April 4, 2018.

25. On April 4, 2018, Plaintiff called Melanie Robb, Corporate Defendant Human Resources, when he her requested medical leave. Ms. Robb told Ryan that she needed details and that their conversation would be completely 100% confidential. Ryan initially said he was not comfortable and noted that his request is an HR issue and he did not go into detail. But, Ms. Robb said she could not process the leave request without having more information.

26. During the call, Ryan then explained to Ms. Robb that he had gone to rehab in the past and had been sober from 2011-2016. He said he had major life events over the past year or so that's significantly affected him, and he did not not want to go down the wrong path, so he

was requesting two-four weeks medical leave under ADA to enter into a treatment facility to focus on recovery and begin the treatment process.

27. During the call, Ryan explained to Ms. Robb that he was divorced in 2016, lost the money he put down on his house and went through the "emotional ringer" as his ex-wife cheated on him. Shortly after, his best friend committed suicide by shooting himself, which caused Ryan to suffer from panic attacks and extreme anxiety. Then, a few months prior to April 4, 2018, Ryan's uncle attempted suicide, almost died and now suffers from extreme emotional health issues.

28. In response to Ryan's explanation, Ms. Robb told Ryan that she would follow up on April, 6 2018 when her HR colleague returned from Dubai.

29. On Friday April 6, 2018, Ms. Robb told Ryan that she had not yet discussed the matter with her colleague and that they would speak on Monday, April 9, 2018.

30. On April 9, 2018, Ryan was called to a conference. At the conference, Ryan's supervisor was present and the human resource staff. At the meeting, Corporate Defendant summarily terminated Ryan claiming he was being fired for poor work performance, and they asked him to leave Corporate Defendant.

31. Prior to April 9, 2018, Ryan was never disciplined by Corporate Defendant or its agents.

32. Prior to April 9, 2018, Ryan was never told he had any performance issues while working for Corporate Defendant.

33. Ryan was not using illegal drugs or alcohol while at work at any time.

34. Plaintiff filed a charge with the United States Equal Employment Opportunity Commission on May 17, 2018.

35. On May 24, 2019, the EEOC issued notice of right to sue letter to Plaintiff.

## FIRST CAUSE OF ACTION
### (Disability Discrimination)
(42 U.S.C §12101 Americans With Disabilities Act)

36. Plaintiff repeats, re-alleges and reincorporates every allegation as though fully set forth herein.

37. Corporate Defendant unlawfully terminated Plaintiff because he is disabled.

38. Pursuant to the ADAAA, Plaintiff was entitled to remain free from discriminatory adverse employment practices based on his disability.

39. Corporate Defendant took an adverse employment action against Plaintiff when they fired him because of his disability.

40. Plaintiff has suffered harm because of Corporate Defendant's unlawful discriminatory conduct.

## SECOND CAUSE OF ACTION
## (Disability Discrimination)
(SHRL §297(9))

41. Plaintiff repeats, re-alleges and reincorporates every allegation as though fully set forth herein.

42. Corporate Defendant unlawfully terminated Plaintiff because he is disabled.

43. Pursuant to the SHRL, Plaintiff was entitled to remain free from discriminatory adverse employment practices based on his disability.

44. Corporate Defendant took an adverse employment action against Plaintiff when they fired him because of his disability.

45. Plaintiff has suffered harm because of Corporate Defendant's unlawful discriminatory conduct.

## THIRD CAUSE OF ACTION
## (Disability Discrimination)
(NYC Admin. Code §8-107(1)(a) NYC Human Rights Law)

46. Plaintiff repeats, re-alleges and reincorporates every allegation as though fully set forth herein.

47. Corporate Defendant unlawfully terminated Plaintiff because he is disabled.

48. Pursuant to the NYCHRL, Plaintiff was entitled to remain free from discriminatory adverse employment practices based on his disability.

49. Corporate Defendant took an adverse employment action against Plaintiff when they fired him because of his disability.

50. Plaintiff has suffered harm because of Corporate Defendant's unlawful discriminatory conduct.

### RELIEF SOUGHT

WHEREFORE, Plaintiff is seeking the following relief:

i. Compensatory damages for all lost wages and fringe benefits;

ii. An award of front pay in an amount to be determined by a trier of fact;

    iii.    Compensation for emotional pain and suffering caused by Corporate Defendants' unlawful discriminatory actions;

    iv.    An award of punitive damages in an amount to be determined by a trier of fact;

    v.    An award of reasonable costs and attorney's fees incurred in bringing and maintaining this action; and

    vi.    For any and all other equitable and legal relief to which Plaintiff is entitled.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.
.

Dated:   White Plains, New York
             July 18, 2019

El-Hag & Associates, P.C,

By: _____

Jordan El-Hag, Esq.
Attorney for Plaintiff
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com