UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK
--------------------------------------------------------------- x

RYAN SHEEHAN,

                         Plaintiff,

            - against -

CONSENSYS, INC.,

                       Defendant.

--------------------------------------------------------------- x

Case No. 19-CV-04154 (DLI)(CLP)

**ANSWER**

Defendant ConsenSys, Inc. ("ConsenSys" or "Defendant"), by its attorneys, Davis Wright Tremaine LLP, hereby answers Plaintiff Ryan Sheehan's ("Plaintiff") Complaint as follows:

## NATURE OF ACTION

1.       Denies the allegations in paragraph 1 of the Complaint, and, further answering, lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that he "suffers from addiction."

## JURISDICTION AND VENUE

2.       Denies the allegations in paragraph 2 of the Complaint, except admits that Plaintiff purports to bring this action against Defendant under the statutes and theories asserted therein.

3.       Denies the allegations in paragraph 3 of the Complaint, and refers the Court to 42 U.S.C. § 12117(a) for a complete and accurate statement of its language.

4.       Admits that Plaintiff purports to establish venue in this Court.

## THE PARTIES

5.       Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Denies the allegations in paragraph 6 of the Complaint, except admits that it is licensed to conduct business in New York, and maintains a worksite at 49 Bogart Street, Brooklyn, New York 11206.  Further answering, Defendant clarifies that it is a Delaware corporation wholly owned by ConsenSys AG, a Swiss corporation.

## BACKGROUND FACTS

7.      Avers that the allegations in paragraph 7 of the Complaint contain only legal conclusions, to which no response is required. Further answering, Defendant refers the Court to the Americans with Disabilities Act for a complete and accurate statement of its language.

8.      Denies the allegations in paragraph 8 of the Complaint, except admits that Defendant is a for-profit entity engaging in business related to cryptocurrencies, among other things.

9.      Denies knowledge or information sufficient to form a belief as to what Plaintiff considers "all relevant times," and, further answering, avers that Defendant had the authority to hire Plaintiff and maintain Plaintiff's payroll records, and further avers that while Plaintiff was employed by Defendant, Defendant had the authority to fire Plaintiff and determine his wages.

10.     Denies knowledge or information sufficient to form a belief as to what Plaintiff considers "all relevant times," and, further answering, avers that Defendant employed more than four employees during the period of Plaintiff's employment.

11.     Denies knowledge or information sufficient to form a belief as to what Plaintiff considers "all relevant times," and, further answering, avers that Defendant employed more than 15 employees during the period of Plaintiff's employment.

12.     Admits that allegations in paragraph 12 of the Complaint.

13.     Admits the allegations in paragraph 13 of the Complaint.

14. Admits that Plaintiff's employment with Defendant commenced on February 7, 2018.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged medical condition and, further answering, avers that paragraph 16 of the Complaint contains legal conclusions to which no response is required. To the extent that any such response is required, Defendant denies the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged medical condition and, further answering, avers that paragraph 17 of the Complaint contains legal conclusions to which no response is required. To the extent that any such response is required, Defendant denies the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged medical condition and, further answering, avers that paragraph 18 of the Complaint contains legal conclusions to which no response is required. To the extent that any such response is required, Defendant denies the allegations in paragraph 17 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.     Denies that Plaintiff performed the essential functions of his job and, further answering, denies knowledge or information sufficient to form a belief as to the allegation that he "could" perform the essential functions of his job.

24.     Denies the allegations in paragraph 24 of the Complaint and, further answering, avers that on April 4, 2018, Plaintiff for the first time informed Defendant that he needed a leave of absence to "get better."

25.     Denies the allegations in paragraph 25 of the Complaint, except admits that Plaintiff called Melanie Robb on April 4, 2018, and, for the first time, requested a leave of absence.  Further answering, Defendant refers the Court to Defendant's Americans with Disabilities Act Policy for a complete and accurate statement of its language.

26.     Denies the allegations in paragraph 26 of the Complaint, except admits that on April 4, 2018, Plaintiff told Robb that he had received substance abuse treatment in 2011, and that he had recently experienced personal problems.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, except admits that Robb told Plaintiff that she would contact him by April 6, 2018.

4

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     Denies the allegations in paragraph 30 of the Complaint and, further answering, avers that on a phone call held on April 9, 2018, Defendant informed Plaintiff that his employment was terminated for poor performance and repeated and excessive absence.

31.     Denies the allegations in paragraph 31 of the Complaint.

32.     Denies the allegations in paragraph 32 of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.     Admits the allegations in paragraph 34 of the Complaint.

35.     Admits the allegations in paragraph 35 of the Complaint.

**FIRST CAUSE OF ACTION**

36.     Repeats and re-alleges the answers to paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37.     Denies the allegations in paragraph 37 of the Complaint.

38.     The allegation in paragraph 38 of the Complaint constitutes a legal conclusion to which no response is required.  Further answering, Defendant refers the Court to the Americans with Disabilities Act for a complete and accurate statement of its language.  Further answering, Defendant denies knowledge or information sufficient to form a belief as to whether or not Plaintiff was disabled, and denies that Plaintiff was subjected to any discriminatory adverse employment practices.

39.     Denies the allegations in paragraph 39 of the Complaint.

40.     Denies the allegations in paragraph 40 of the Complaint.

## SECOND CAUSE OF ACTION

41.     Repeats and re-alleges the answers to paragraphs 1 through 40 of the Complaint as if set forth fully herein.

42.     Denies the allegations in paragraph 42 of the Complaint.

43.     The allegation in paragraph 43 of the Complaint constitutes a legal conclusion to which no response is required.  Further answering, Defendant refers the Court to the New York State Human Rights Law for a complete and accurate statement of its language.  Further answering, Defendant denies knowledge or information sufficient to form a belief as to whether or not Plaintiff was disabled, and denies that Plaintiff was subjected to any discriminatory adverse employment practices.

44.     Denies the allegations in paragraph 44 of the Complaint.

45.     Denies the allegations in paragraph 45 of the Complaint.

## THIRD CAUSE OF ACTION

46.     Repeats and re-alleges the answers to paragraphs 1 through 45 of the Complaint as if set forth fully herein.

47.     Denies the allegations in paragraph 44 of the Complaint.

48.     The allegation in paragraph 48 of the Complaint constitutes a legal conclusion to which no response is required.  Further answering, Defendant refers the Court to the New York City Human Rights Law for a complete and accurate statement of its language.  Further answering, Defendant denies knowledge or information sufficient to form a belief as to whether or not Plaintiff was disabled, and denies that Plaintiff was subjected to any discriminatory adverse employment practices.

49.     Denies the allegations in paragraph 49 of the Complaint.

50.     Denies the allegations in paragraph 50 of the Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## RELIEF SOUGHT

Defendant denies that Plaintiff is entitled to any relief whatsoever.

## DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by virtue of his own conduct.

## FOURTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

## FIFTH DEFENSE

If Plaintiff has suffered damages, which Defendant expressly denies, upon information and belief, Plaintiff has failed to make reasonable and diligent efforts to mitigate his damages.

## SIXTH DEFENSE

Defendant's actions with respect to Plaintiff were taken solely for legitimate, non-discriminatory reasons and/or for good cause unrelated to Plaintiff's alleged disability, accommodation request, or any other unlawful grounds.

## SEVENTH DEFENSE

At all relevant times, including before the allegations that form the basis of Plaintiff's claims, Defendant had established and complied with policies, programs, and procedures for the detection, prevention and remediation of unlawful employment practices.

## EIGHTH DEFENSE

If Plaintiff is able to prove discrimination, which Defendant denies, Defendant reserves its right to assert a mixed-motive defense.

## NINTH DEFENSE

If and to the extent that any action taken with respect to Plaintiff was motivated by an impermissible consideration, which Defendant expressly denies, Defendant would have taken the same action for lawful, non-discriminatory reasons.

## TENTH DEFENSE

Plaintiff is not entitled to punitive damages because Defendant's conduct was not motivated by evil motive or intent, nor was Defendant's conduct in reckless indifference to the federally protected rights of Plaintiff.  To the extent that any of Defendant's agents acted with such evil motive or intent, or reckless indifference to the federally protected rights of Plaintiff, which Defendant expressly denies, such actions were contrary to Defendant's good-faith efforts to enforce its anti-discrimination policies.

## ELEVENTH DEFENSE

Plaintiff is not entitled to punitive damages under the New York State Human Rights Law.

## TWELFTH DEFENSE

Plaintiff is not entitled to punitive damages under the New York City Human Rights Law.

## THIRTEENTH DEFENSE

To the extent that Plaintiff seeks to recover damages from Defendant for personal injuries, emotional distress and/or mental anguish incurred in the course of or arising out of his employment with Defendant, such recovery is barred by the exclusive remedy provisions of the New York State Workers' Compensation Law.

## FOURTEENTH DEFENSE

Plaintiff, with or without a reasonable accommodation, could not have satisfactorily performed the essential elements required of his position.

## FIFTEENTH DEFENSE

Plaintiff did not disclose his purported disability or request an accommodation until after Defendant decided to terminate his employment.

## SIXTEENTH DEFENSE

Defendant did not perceive Plaintiff as disabled at any time prior to its decision to terminate Plaintiff's employment.

## SEVENTEENTH DEFENSE

Active substance abuse is not a cognizable disability under the Americans with

Disabilities Act, the New York State Human Rights Law, or the New York City Human Rights

Law.

## EIGHTEENTH DEFENSE

The Complaint or any relief sought by Plaintiff is barred, in whole or in part, by such

additional defenses as Defendant may have that cannot now be articulated due to the generality

of Plaintiff's pleadings and the fact that discovery has not yet commenced.  Accordingly,

Defendant reserves the right to supplement the foregoing and to raise additional defenses as the

case progresses.

**WHEREFORE**, Defendant respectfully requests that the Complaint be dismissed with

prejudice and that it be awarded costs, including reasonable attorneys' fees, along with such

other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        September 11, 2019

DAVIS WRIGHT TREMAINE LLP


By:      /s/Laura Sack
         Laura Sack
         Scott M. Cooper
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230
Attorneys for Defendant