UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

RYAN SHEEHAN,

     Plaintiff,        19-CV-04154 (DLI)(CLP)

  -against-          **STIPULATION AND ORDER OF**
                  **CONFIDENTIALITY**

CONSENSYS, INC.,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

  **IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for the

parties hereto, that:

  1.  This Stipulation governs the handling of all information contained in documents,

electronically stored information, deposition testimony, deposition exhibits, answers to

interrogatories, requests for admission, trial testimony, and other written, recorded or graphic

matter ("Discovery Materials") designated as Confidential pursuant to this Stipulation.

  2.  All Discovery Materials produced in this action by a person or entity, whether a

party or a non-party ("Producing Person"), designated as Confidential pursuant to this Stipulation

shall be used by the recipient only for the purposes of conducting this litigation and not for any

business, competitive, personal, private, public or other purpose whatsoever.

  3.  Any Producing Person may designate Discovery Materials produced in this action

as Confidential if they are or contain personnel information, or if they contain private personal

information, confidential or proprietary business information, or financial information

("Confidential Information"), by stamping a document "Confidential," by stating in answers or

responses to discovery requests that the information contained therein is "Confidential," or by

otherwise advising, in writing, the recipient that they are "Confidential" within 10 days of

disclosure of Discovery Materials by the Producing Person or within 10 days of the execution of this Stipulation, whichever is later.  Any party or third-party deponent may designate a transcript of deposition testimony given in this action by any person or entity, or any portions thereof, as "Confidential" either by requesting on the record that the transcript be so designated, or by notifying the other parties in writing within 10 days of receiving the deposition transcript that the party or third-party deponent is so designating the transcript or any portion thereof, if such testimony discussed Confidential Information or the contents of the documents are designated "Confidential."  All deposition transcripts shall be "Confidential" for 10 days following the receipt of the transcript to afford the parties the opportunity to designate the transcript or portions thereof "Confidential."  As used herein, the term "Confidential Material" means all Discovery Materials designated "Confidential" pursuant to this Stipulation.

      4.     Confidential Material or the contents thereof shall not be given, shown, made available, communicated or otherwise disclosed to anyone other than: (i) the parties; (ii) the Court and Court personnel (including Court reporters); (iii) witnesses, or potential witnesses, whether or not in the employ of Defendant, as to whom a *bona fide* reason or reasons exist for such persons to have access to information or materials designated as "Confidential"; (iv) the undersigned counsel for the parties to this action and their current employees; (v) any expert, witness, or independent consultant not employed by or affiliated with any party retained for the purposes of consulting or testifying in connection with this civil action ("Expert") who has executed a letter to counsel for the recipient stating that Expert has read and understood this Stipulation and agrees to abide by its terms; (vi) the jury; and (vii) any non-party deponent who, prior to commencement of this civil action, authored or received the Confidential Information sought to be disclosed to that

2

person, except: (a) with prior written approval of the Producing Person or its attorneys; or (b) upon further order of the Court, after notice to all parties.

5.      No person to whom Confidential Material is disclosed shall disclose such materials or the contents of such materials to any person to whom disclosure is not authorized by the terms hereof.

6.      A party wishing to challenge a Producing Person's designation of Discovery Materials as Confidential (the "Objecting Person") shall provide notice to the Producing Person's counsel of record identifying the Bates numbers of the documents that the party contends has been improperly designated as Confidential Material.  Within seven days of receipt of such notice, the Producing Person or its counsel must respond to such notice in writing.  If the Objecting Person and the Producing Person subsequently are unable to agree upon the terms and conditions of disclosure for the information or material in question, the Objecting Person shall be free to seek the Court's intervention to resolve the dispute.  The Objecting Person shall not use the challenged information or documents in any way inconsistent with the terms of this Stipulation pending resolution of the dispute.

7.      The parties understand and agree that failure to handle Confidential Material in accordance with the terms set forth herein will cause immediate, substantial and irreparable injury, and will be a sufficient basis for a Court to award injunctive or monetary damages.  The Producing Party shall be entitled to recovery of all reasonable professional fees and costs incurred as a result of enforcing the confidentiality obligations under this agreement.

8.      Any party wishing to file Confidential Material with the Court shall seek leave for the documents to be filed under seal in accordance with Rule I.G of Judge Irizarry's individual

rules      and      the      protocol      set      forth      in      the      Eastern      District      at
https://img.nyed.uscourts.gov/files/general-ordes/adminorder04-05.pdf.

      9.      The inadvertent or unintentional disclosure of Confidential Material, regardless of
whether the information was so designated at the time of disclosure, shall not be deemed a waiver
in whole or in part of the Producing Person's claims of confidentiality as to such document or any
other document, or with respect to the subject matter thereof, or with respect to the information
contained therein.

      10.     Nothing contained in this order shall affect the right, if any, of a Producing Person
to make any other type of objection, claim, or other response to discovery requests, including,
without limitation, interrogatories, requests for admission, requests for production of documents,
or questions at deposition.  In producing Discovery Materials protected by this Stipulation, a
Producing Person does not concede the relevance or materiality to this action of the documents
and information provided.  Nor shall this Stipulation be construed as a waiver of any attorney-
client privilege, any work-product doctrine or any other applicable privilege or doctrine.
Inadvertent production of any such protected document shall not constitute a waiver of any
privilege or any other ground for objection to discovery with respect to such document or any other
document, or with respect to the subject matter thereof, or with respect to the information contained
therein, nor shall such inadvertent production waive any right to object to the use of any such
document or the information contained therein during any subsequent proceeding.  Upon
notification that such disclosure was inadvertent, the document(s) and any copies thereof shall be
returned to the Producing Person immediately.

      11.     All Confidential Material and copies thereof (including but not limited to analyses,
charts, summaries and digests of the Confidential Material) shall be returned to the Producing

Person no later than five (5) days following final adjudication of this litigation, except that Confidential Material may instead be destroyed by the non-producing party upon final adjudication of this litigation rather than returned, provided that the non-producing party shall certify in writing to the Producing Person that Confidential Material has been destroyed.

12.     The provisions of this Stipulation shall, absent written permission of the Producing Person or order of the Court, continue to be binding after the conclusion of this action. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this civil action.

13.     The limitations contained in this Stipulation shall not affect the parties' right in the future to seek confidential treatment for Discovery Materials that do not fall within the scope of paragraph 3 of this Stipulation.

Dated: New York, New York
     December 2, 2019

Dated: New York, New York
     December 2, 2019

EL-HAG & ASSOCIATES

DAVIS WRIGHT TREMAINE LLP

By: _____
     Jordan El-Hag

By: _____
     Laura Sack
     Scott M. Cooper

777 Westchester Ave., Suite 101
White Plains, NY 10604
(914) 218-6190
*Attorneys for Plaintiff*

1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230
*Attorneys for Defendant*

**SO ORDERED:**

_____
Hon. Cheryl L. Pollak
U.S. Magistrate Judge

5